IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORDAN SCOTT GRAVES,

      Plaintiff,

v.                                                                                                    No. 2:24-cv-01032-KRS

SANTA FE COMMUNITY COLLEGE,

      Defendant.

## ORDER GRANTING IFP AND TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 9, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 9, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $2,776.11; (ii) Plaintiff's monthly expenses total $1,669.00; (iii) Plaintiff has $805.70 in a bank account; and (iv) Plaintiff is unemployed and currently does not have income. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and he is unemployed.

**Order to Show Cause**

The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Webb v. Caldwell*, 640 Fed. Appx. 800, 802 (10th Cir. 2016). The court must accept the complaint's allegations as true and view them in the light most favorable to the plaintiff. *Curley v. Perry,* 246 F.3d 1278, 1281 (10th Cir. 2001). Further, the court should construe pro se complaints liberally. *Id.* To withstand dismissal, the plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal of a pro se complaint for failure to state a claim without allowing an opportunity to amend is proper only when it is obvious that the plaintiff cannot prevail on the alleged facts and amendment would be futile. *Curley,* 246 F.3d at 1281.

Plaintiff seeks to assert a claim or claims under Title VII of the Civil Rights Act of 1964. *See* Complaint at 3. In support of her Title VII claim(s), Plaintiff alleges the following:

> I was discriminated against and harassed for being African American by my supervisor Ms. Annette Baca. The organization did not help me when this harassment was reported. I was told harassment was ok by HR, and that I would have to deal with it. I was instead punished by HR, at the request of this supervisor, without any communication to me of any work performance issues. My coworker under the same supervisor, and equiv[a]lent title and experience, did not receive the same treatment. (she was a different race).

Complaint at 2.

A plaintiff can assert three different types of discrimination claims under Title VII: (i) disparate treatment; (ii) hostile work environment; and (iv) retaliation. From the facts stated above, Plaintiff might be attempting to assert one or more of these three types of claims.

"To establish a prima facie disparate-treatment claim under Title VII, a plaintiff must demonstrate that '(1) [he or she] belongs to a class protected by Title VII, (2) [he or she] suffered an adverse employment action, and (3) the challenged action took place under circumstances giving rise to an inference of discrimination.'" *Smith v. McDonough*, No. 22-6131, 2023 WL 2765898 *4 (10th Cir. Apr. 4. 2023) (quoting *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021)). "One method by which a plaintiff can demonstrate an inference of discrimination [the third element] is to show that the employer treated similarly situated employees more favorably." *Luster v. Vilsack*, 667 F.3d 1089, 1095 (10th Cir. 2011). Comparators are considered "similarly-situated" to a plaintiff "when they deal with the same supervisor, are subjected to the same standards governing performance evaluation and discipline, and have engaged in conduct of 'comparable seriousness.'" *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 801 (10th Cir. 2007) (citation omitted).

To state a hostile work environment claim, a plaintiff must demonstrate that (1) he or she was harassed "because of [his or] her sex," and (2) the harassment was sufficiently severe or

3

pervasive such that it altered the terms or conditions of his or her employment. *Delsa Brooke Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1174 (10th Cir. 2020); *Smith,* 2023 WL 2765898 *4.

A Title VII retaliation claim is where an employer discriminates against an employee because the employee "opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 200e-3(a). A Title VII retaliation claim can be alleged with facts showing that (1) the plaintiff engaged in protected opposition to Title VII discrimination; (2) the plaintiff suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Fye v. Okla. Corp. Comm'n,* 516 F.3d 1217, 1227 (10th Cir. 2008) (quoting *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004)).

The Complaint fails to plausibly allege a Title VII claim under any of these three theories because it merely alleges in conclusory terms that Plaintiff suffered "discrimination," "harassment," and "punish[ment]" without any allegations about the specific conduct that Plaintiff believes amounted to disparate treatment, harassment, and/or retaliation. *See Khalik v. United Air Lines,* 671 F.3d 1188, 1193 (10th Cir. 2012) ("while Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims"). Although "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief," the statement must give the defendant notice of "what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp.* 550 U.S. at 555. Plaintiff has not done that here. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

It may be the case that some or all of the missing information can be found in the 24 pages of exhibits that Plaintiff attached to the Complaint. But Plaintiff did not mark the portions of the exhibits where the missing facts can be found. *See* D.N.M.LR-Civ. 10.6 ("The portions of an exhibit the party wishes to bring to the Court's attention must be marked"). All exhibits attached to the amended complaint must be properly marked. "This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants;" "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

For the reasons discussed above, the Court orders Plaintiff to file an amended complaint. The amended complaint must clearly identify each claim that Plaintiff is asserting and must contain specific facts supporting each claim. It is preferable that Plaintiff recite the relevant facts in the complaint itself. But to the extent that Plaintiff wishes to rely on exhibits attached to the amended complaint, Plaintiff must comply with D.N.M.LR-Civ. 10.6, as well as the Federal Civil Procedures. *See*, for example, Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs").

The Court will not order service of Summons and Complaint on Defendant at this time because the Court is ordering Plaintiff to file an amended complaint. *See* 28 U.S.C. § 1915(d) (the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). The Court will order service only after Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become

5

familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 9, 2024, is **GRANTED.**

(ii) Plaintiff shall show cause why his claims should not be dismissed for failure to state a legally sufficient claim for relief by filing, within 21 days of entry of this Order, an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

IT IS SO ORDERED this 16th day of October, 2024

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE