IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORDAN SCOTT GRAVES,

        Plaintiff,

vs.                                                    No. 2:24-cv-01032-SMD-KRS

SANTA FE COMMUNITY COLLEGE,

        Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on April 14, 2025 at 12:00 noon and was attended by:

Jordan Scott Graves for Plaintiff;

Gerald A. Coppler and John L. Appel, Coppler Law Firm, P.C., for Defendant.

## NATURE OF THE CASE

This is a civil rights case under Title VII. Plaintiff Jordan Scott Graves ("Plaintiff" or "Graves") alleges discrimination and harassment by his supervisor at Santa Fe Community College ("Defendant" or "SFCC") on the basis of race and color (African American; Black). Plaintiff also proposes to amend his complaint to add a claim of discrimination on the basis of disability.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

On February 14, 2025, Plaintiff filed a Motion for Approval to File 2nd Amendment to the Complaint (**Doc. 17**). Plaintiff intends to file: Amended complaint

1

Plaintiff should be allowed until June 13, 2025, to move to amend the pleadings and until June 13, 2025 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

On February 18, 2025, Defendant filed its Response Opposing Plaintiff's Motion **[Doc. 17]** for Approval to File Second Amended Complaint **(Doc. 19)**. Defendant intends to file: Response to any motions filed by Plaintiff. No Defendant motions addressed to the pleadings presently anticipated.

Defendant should be allowed until June 13, 2025, to move to amend the pleadings and until June 13, 2025, to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## **STIPULATIONS**

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1. Graves was hired by SFCC as a grants accountant effective June 24, 2023.

2. Graves submitted his resignation from his position as grants accountant on June 10, 2024, effective June 7, 2024.

3. At the time of his resignation, Graves was a probationary employee of SFCC.

The parties further stipulate and agree that the law governing this case is: Title VII of the Civil Rights Act of 1964 and employment laws of the United States and of the State of New Mexico.

## PLAINTIFF'S CONTENTIONS:

Plaintiff asserts SFCC did discriminate against him for race and disability. SFCC engaged in disparate treatment, hostile work environment, and retaliation. Mr. Graves reported to HR; harassment has been occurring for five months. HR took this report seriously until speaking with Ms. Baca and her co-conspirators, Ms. Pell and Ms. Castro, and instead moved to punish Mr. Graves for poor work performance by putting him on extended probation. Mr. Graves reached out to HR multiple times to ask if he would be allowed to have a voice in the matter. SFCC stated on multiple occasions they had no interest in what Mr. Graves had to say, forcing him to resign to avoid increased abusive treatment.

## DEFENDANT'S CONTENTIONS

Defendant SFCC asserts that there was no discrimination against Graves on any improper basis, whether related to race, ethnicity, disability status, or any other reason. SFCC supervisors were concerned that Graves's job performance was not fully satisfactory. His work was frequently submitted late and was not always accurate, resulting in costs and risks to his employer. Graves was apparently unfamiliar with routine bookkeeping and accounting procedures that he was expected to know based on his reported education and experience. Nonetheless, when his one-year employment anniversary approached, SFCC management was willing to continue working with him in hopes that his job performance would improve. However, SFCC did intend to extend his probationary period, in accordance with SFCC personnel policy. SFCC managers asked Graves to come to Santa Fe, at SFCC expense, to meet with them and discuss his continued employment in a probationary status. Instead, Graves

3

submitted his resignation.  He later asked to be reinstated to his position, but SFCC determined that reinstatement was not in the best interests of SFCC, and declined to grant reinstatement.

**PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:  *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

**Plaintiff's Anticipated Fact Witnesses:**

1. Bethany Welt, Financial Analyst
   Central New Mexico Community College
   525 Buena Vista Dr. S.E.
   Albuquerque, New Mexico 87106

Ms. Welt may be called to testify regarding the poorly managed and disorganized grant department, and her reason for leaving SFCC in June of 2023.

2. Amber Gallup, Ph. D.
   Adult Education Director, at New Mexico Higher Education Department
   2044 Galisteo Street, Suite 4, Santa Fe, NM 87505

Ms. Gallup may be called to testify regarding the high quality of Mr. Graves' work compared to other grantees and predecessors of Mr. Graves at SFCC, and Mr. Graves' commitment to compliance with the grant requirements.

3. John Williams, Senior Grants Management Specialist at VA NCA
   2900 Sheridan Rd
   St. Louis, MO 63125

Mr. Williams may be called to testify regarding the exceptional quality of Mr. Graves' work managing the VLP grant, and Mr. Graves' high performance reconciling mistakes of past accountants and preparing the year end close out report (This was Ms. Baca's responsibility, however she did not understand how to do, so Mr. Graves offered to do it out of kindness).

4. Veronica Hernandez, Former SFCC Director of Grants Accounting
   Interim Director of Contracts and Grants
   Central New Mexico Community College

525 Buena Vista Dr. S.E.
Albuquerque, New Mexico 87106

Ms. Hernandez may be called to testify regarding Mr. Graves being intelligent and asking questions whenever he didn't understand something, having no issues with his work, along with the excessive disorganization within the SFCC grant department compared to CNM, her reason for resigning, SFCC's history of picking and choosing who they enforce the probationary period on, and Ms. Baca's habit of mispresenting the truth to her, about Mr. Graves, to harm his reputation.

    5.       Melody Bernal, Adult Education Admin
              6401 Richards Ave.
              Santa Fe, New Mexico 87508

Ms. Bernal may be called to testify regarding the discriminatory nature of Ms. Baca's treatment of Mr. Graves, including her frequent misrepresentation of the truth to harm Mr. Graves, the retaliation of the HR department, the absence of any communication from SFCC to Mr. Graves about work performance issues, the collusion of Ms. Pell, with Ms. Baca, and Ms. Castro to harm a vulnerable party (Mr. Graves), and the substantial disorganization with the grant department and how Mr. Graves was used as a scapegoat by SFCC, along with other shady business practices of SFCC that impacted Mr. Graves.

    6.       Letty Naranjo, Director of Adult Basic Education
              6401 Richards Ave.
              Santa Fe, New Mexico 87508

Ms. Naranjo may be to called testify regarding the high quality of Mr. Graves' work product, despite excessive turnover within the grant department, and Mr. Graves helping train her on the new Workday software, which he himself had not been formally trained on, along with Mr. Graves not having been given a fair evaluation like other employees in the college, Ms. Baca's distain for Mr. Graves work, despite not understanding the job herself, having only worked at SFCC a few months, and lastly the extended probation being something she had never seen used, after working 40 years at SFCC.

    7.       Paul Perez, Hiring Compensation Records Coordinator
              6401 Richards Ave.
              Santa Fe, New Mexico 87508

Mr. Perez may be called to testify regarding informing Mr. Graves SFCC was not implementing a probationary period, when Mr. Graves asked him upon being hired.

    8.       Dafyd Rawling, ESL Program Manager

5

   6401 Richards Ave.
   Santa Fe, New Mexico 87508

  Mr. Rawlings may be called to testify regarding the high quality of Mr. Graves' work and his high character while working at SFCC.

### **Defendant's Anticipated Fact Witnesses:**

1.  Annette Baca, Director of Grants Accounting
   SFCC Office of Financial Services
   6401 Richards Ave.
   Santa Fe, New Mexico 87508

  Ms. Baca will testify regarding Graves's marginal work performance as a grants accountant, her efforts to provide assistance for him to improve his work performance, and her decision that his probationary employee status should be extended. She will testify that all personnel decisions regarding Graves were based on his job performance and not on any discriminatory or retaliatory considerations.

2.  Amy Pell, Controller
   Santa Fe Community College
   6401 Richards Ave.
   Santa Fe, New Mexico 87508

  Ms. Pell will testify regarding Grave's marginal work performance during the time when she was his direct supervisor because the position of Director of Grants Accounting was temporarily vacant. She will also testify regarding SFCC's efforts to retain Graves in a probationary status while he was given an opportunity to improve his job performance.

3.  Donna Castro, Human Resources Director
   SFCC Department of Human Resources
   6401 Richards Ave.
   Santa Fe, New Mexico 87508

  Ms. Castro will testify regarding SFCC's coordination of efforts to resolve the problems caused by Graves's poor work performance and retain him as an employee in probationary status while Ms. Baca continued to work with him on the improvement of his job performance. She will also testify regarding applicable SFCC personnel policies, and the consequences of Graves's voluntary resignation from his position.

4.  Veronica Hernandez, Former SFCC Director of Grants Accounting
   Interim Director of Contracts and Grants
   Central New Mexico Community College

    525 Buena Vista Dr. S.E.
    Albuquerque, New Mexico 87106

  Ms. Hernandez may be called to testify regarding Graves's marginal work performance during the time when she was his supervisor at SFCC, and the efforts she made to assist him to improve his job performance.

  5. Stephen Fresquez, Human Resources Manager
    Employee Labor Relations and Benefits
    SFCC Department of Human Resources
    6401 Richard Ave.
    Santa Fe, New Mexico 87508

Mr. Fresquez may be called to testify regarding Plaintiff's complaints about his supervisors and allegations of discrimination during the last few months of his employment at SFCC, and regarding Plaintiff's decision to resign from his position.

  6. Jordan Scott Graves, Plaintiff
    4826 Calle Bella Ave.
    Las Cruces, New Mexico 88012

  Mr. Graves will be called to testify regarding the allegations of his complaint.

  7. Any witnesses named by Plaintiff.

  8. Any witnesses needed to authenticate exhibits.

  9. Rebuttal witnesses as needed.

**Plaintiff's Anticipated Trial Exhibits:**

1. Email communication between Plaintiff and Ms. Baca

2. Email communication between Plaintiff and grantors.

3. Voice recordings

4. Work submitted by Plaintiff to grantors

5. Teams message communications

6. Outlook calendars

7. SFCC personnel policies, 4-9, 4-28, 4-57

8. SFCC harassment training video

9. Grant accountant job description

10. Any relevant materials found in the course of discovery.

11. Any exhibits offered or identified by defendant.

12. Rebuttal exhibits as needed.

**Defendant's Anticipated Trial Exhibits:**

1. Plaintiff's SFCC personnel file.

2. SFCC personnel policies, including but not limited to:

    - Policy 4-8: Equal Opportunity in Employment
    - Policy 4-9: Discrimination and Harassment – Policy
    - Policy 4-28: Separation of Employment and Exit Policy
    - Policy 4-31: Staff Employment Classifications Policy
    - Policy 4-57: Telecommuting Policy.

3. Email correspondence between Plaintiff and SFCC Department of Human Resources personnel.

4. Email correspondence between Plaintiff and Annette Baca.

5. Draft letter and other materials prepared by SFCC staff in anticipation of meeting with Plaintiff in June 2024.

6. Any relevant materials found in the course of discovery.

7. Any exhibits offered or identified by Plaintiff.

8. Rebuttal exhibits as needed.

**Plaintiff's Experts:** None identified at this time.

**Defendant's Experts:** None identified at this time.

Discovery will be needed on the following subjects: The allegations of Plaintiff's complaint and Defendant's defenses thereto, including the actions by SFCC and its employees that Plaintiff alleges to constitute discrimination, harassment or retaliation.

Maximum of 25 interrogatories by each party to any other party. (Answers due 30 days after service).

Maximum of 25 requests for production by each party to any other party. (Responses due 30 days after service.)

Maximum of 25 requests for admission by each party to any other party. (Responses due 30 days after service).

Maximum of 5 depositions by Plaintiff and 5 by Defendant.

Each deposition (other than of a party or expert) limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by July 14, 2025;

    from Defendant by August 25, 2025.

Supplementation under Rule 26(e) due 30 days after identification of the material requiring supplementation.

All discovery commenced in time to be complete by November 10, 2025. Discovery on *(issue for early discovery)* to be completed by _____N/A_____.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file:

1. Motion to amend pleadings

Defendant intends to file:

1. Motion for summary judgment.

2. Motions *in limine* as needed to exclude or limit irrelevant or improperly inflammatory or prejudicial testimony at trial.

## ESTIMATED TRIAL TIME

The parties estimate trial will require five (5) days.

____ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference 45 days before trial.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to discovery and an understanding of Plaintiff's demands by Defendant. The parties request a settlement conference in November 2025 or shortly after the close of discovery.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

        APPROVED WITHOUT EXCEPTIONS
        (note exceptions above)

        /s/ *Telephonically approved, 4-24-2025*_____
        Jordan Graves
        Plaintiff, *pro se*

/s/ *John L. Appel*
John L. Appel
Gerald A. Coppler
COPPLER LAW FIRM, P.C.
645 Don Gaspar Avenue
Santa Fe, New Mexico 87505
505-988-5656
gcoppler@coppler.com
jappel@coppler.com
For Defendant Santa Fe Community College