IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORDAN SCOTT GRAVES,

      Plaintiff,

v.                                                          No. 2:24-cv-01032-SMD-KRS

SANTA FE COMMUNITY COLLEGE,

      Defendant.

## ORDER DENYING MOTION TO APPOINT COUNSEL

Plaintiff Jordan Scott Graves, a former employee of Defendant Santa Fe Community College, alleges that he suffered discrimination based on his race and harassment by his supervisor, Ms. Annette Baca, and that Defendant did not help him but instead punished him when he reported the discrimination and harassment. Plaintiff filed his original complaint on October 9, 2024. (Doc. 1). After he was granted leave to proceed *in forma pauperis*, he filed a first amended complaint on November 5, 2024. (Doc. 6). His request for appointment of counsel (Doc. 10) was filed on November 21, 2024.

Plaintiff's motion for appointment of counsel states in full as follows: "I would like to request the court provide counsel to myself, the plaintiff. My reasoning is I cannot afford an attorney and need help understanding the laws and the legal process." (Doc. 10). "[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed. Appx. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist.*

*Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1) (stating that the "court *may request* an attorney to represent any person unable to afford counsel" (emphasis added)). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation.

Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

> We start with the scope of the district court's authority: The court cannot appoint counsel; instead, the court can only ask an attorney to take the case. *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). In deciding whether the district court acted within its discretion, "we consider the merits of the claims, the nature of the claims, [the claimant's] ability to present the claims, and the complexity of the issues." *Id.* at 397.
>
> The district court considered these factors and declined to request legal representation for Mr. Moaz. This decision was reasonable:
>
>> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants like [Mr. Moaz]. But the dilemma was not the district court's fault; that dilemma was the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.
>
> *Id.* at 397.

*Moaz v. Denver Int'l Airport*, 747 Fed. Appx. 708, 711 (10th Cir. 2018).

The Court denies Plaintiff's motion to appoint counsel because the Court does not have the authority to appoint counsel. The Court also declines to request legal representation for Plaintiff. Plaintiff states he needs help understanding the legal system but it appears that Plaintiff is sufficiently able to present his claims, which do not involve complex legal issues. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

### Notice Regarding Compliance with Orders and Rules

The Court also takes this opportunity to provide Plaintiff with notice regarding his responsibilities as a pro se litigant. In particular, Plaintiff has a responsibility for becoming familiar with and complying with the Federal and Local Rules of Civil Procedure. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute").

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed. Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

The Court and the parties have a responsibility to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ.

P. 1. If Plaintiff were to continue to not comply with Court Orders and the Federal and Local Rules of Civil Procedure after having been notified of his obligation to comply, then such failure to comply may indicate Plaintiff is either unwilling or unable to comply. *See* Fed. R. Civ. P. 11(b) (by filing documents with the Court, attorneys and pro se parties certify that the documents are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"). If Plaintiff is unwilling or unable to comply with Court Orders and the Federal and Local Rules of Civil Procedure, the Court may issue orders to ensure the speedy and inexpensive determination of this case, such as imposing filing restrictions or dismissing this case.

**FOR THE FOREGOING REASONS,** Plaintiff's Motion for Appointment of Counsel, Doc. 10, is **DENIED.**

IT IS SO ORDERED this 14th day of May, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE